Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: jpomerantz@pszjlaw.com
 dgrassgreen@pszjlaw.com
 jlucas@pszjlaw.com

Proposed Attorneys for Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Tri-Valley Learning Corporation,[1]<br><br>                Debtor. | Case No.: 16-43112-CN<br><br>Chapter 11<br><br>**MOTION FOR ENTRY OF AN ORDER AUTHORIZING (1) REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE LOCATED IN LIVERMORE, CALIFORNIA, AND (2) ABANDONMENT OF REMAINING PERSONAL PROPERTY PURSUANT TO 11 U.S.C. §§ 365 AND 554; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Tri-Valley Learning Corporation ("**TVLC**" or the "**Debtor**"), the above-captioned debtor and debtor in possession, hereby files this Motion (the "**Motion**") for entry of an order rejecting the unexpired non-residential real property lease (together with any amendments and modifications, the "**Lease**") by and between the Debtor, as lessee, and Darim Vision, Inc., as lessor ("**Darim**" or "**Lessor**") for the premises located at 3110 Constitution Drive, Livermore, CA 94551 (the "**Premises**").

The Motion is made on the grounds that the Debtor has vacated the Premises by the Petition Date (as defined below) and the Lease is not necessary for the Debtor's continued operations. The Motion is based on the Memorandum of Points and Authorities set forth herein, the *Notice of*

---

[1] The last four digits of the Debtor's tax identification number is (4585). The location of the Debtor's service address is 3252 Constitution Drive, Livermore, CA 94551.

*Hearing on First Day Motions* ("**Omnibus Notice**"), the *Declaration of Lynn Lysko in Support of First Day Motions* (the "**First Day Declaration**") filed concurrently herewith and fully incorporated herein by reference, the pleadings and papers on file herein, and such other oral or documentary evidence as may be submitted before the Court.

In support of the Motion, the Debtor respectfully represents the following:

## I.

## JURISDICTION

The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for the relief requested herein are sections 365 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3002(c)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.

## SUMMARY OF RELIEF SOUGHT

By this Motion, the Debtor seeks the entry of an order, in substantially the form annexed hereto as **Exhibit A**, (a) approving the rejection of the Lease effective as of the Petition Date pursuant to section 365 of the Bankruptcy Code, (b) establishing, pursuant to Bankruptcy Rule 3002(c)(4), the later of (i) 30 days after entry of an order granting this Motion or (ii) the deadline set by the Court for a prepetition claim to be filed, as the claims bar date for claims arising from rejection of the Lease, and (c) authorizing the abandonment of personal property of the Debtor's estate, if any, remaining at the Premises pursuant to section 554 of the Bankruptcy Code.

## III.

## MOTION

**A.   Background**

On the date hereof (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this case. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee.

**B.      The Lease**

The Debtor is the lessee under the Lease, dated September 20, 2012, with the Lessor for the Premises. The term of the Lease is thirty years commencing on October 15, 2012. The Debtor has vacated the Premises and delivered all keys and/or security codes, as applicable, to the Lessor.

The original monthly base rent under the Lease was $4,680. As of the Petition Date, pursuant to rent adjustments under the Lease, the monthly base rent is approximately $7,800.

The Premises are located on the Debtor's campus and were used prior to the Petition Date in connection with the Debtor's operation of the Livermore Valley Charter School for administrative purposes, including as office space for the school's psychologist and to conduct meetings with students' parents regarding individualized education plans. The Debtor had originally planned to use the Premises for after-school day care or administrative offices, but the Premises are not properly retro-fitted and the use of the Premises as a school would have required the Lessor's consent in any case.

**C.      Abandonment of Personal Property, if any, Remaining on the Premises**

The Debtor has inspected all of its personal property located at the Premises and has removed any property deemed to be of value or that will be used in continuing operations during the chapter 11 case. To the extent that any property of the Debtor's estate remains at the Premises, retention of such property either would be burdensome to the estate or is of inconsequential value to it. Therefore, the Debtor seeks an order rejecting the Lease and authorizing the abandonment of personal property of the Debtor's estate, if any, remaining at the Premises.

**IV.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Section 365(a) permits a debtor to assume or reject an executory contract or unexpired lease upon the authority of the Court after notice and a hearing. The question of whether a contract or lease should be rejected, and, if not, on what terms it should be assumed, is one of business

3

judgment. *See Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R. Co.,* 318 U.S. 523, 550 (1943), rehearing denied, *Group of Institutional Investors v. Abrams*, 318 U.S. 803 (1943). Under the Bankruptcy Code, most courts have applied the business judgment test to the decision to assume or reject a contract or lease. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *Richmond Leasing Co. v. Capital Bank N.A.,* 762 F.2d 1303 (5th Cir. 1985); *see also Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007); *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.),* 204 F.3d 1276, 1281 (9th Cir. 2000) ("a bankruptcy court applies the business judgment rule to evaluate a trustee's rejection decision"). The Ninth Circuit Bankruptcy Appellate Panel has stated the standard by which debtors should exercise their business judgment as follows: "What are the criteria which the court and the trustee [debtor in possession] should legitimately consider in exercising their 'business judgment?' The primary issue is whether [assumption or] rejection would benefit the general unsecured creditors." *Robertson v. Pierce (In re Chi-Feng Huang),* 23 B.R. 798, 801 (9th Cir. B.A.P. 1982).

Rejection of an executory contract is appropriate where rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.),* 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.),* 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

Rejection of the Lease, as proposed herein, is well within the business judgment rule and will benefit the estate. The Premises have been vacated and are of no further use to the Debtor. Rejection will benefit the estate because it frees it from burdensome obligations that do not promote a successful reorganization of the Debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S. Ct. 1188, 1997 (1984); *see also In re Rega Properties, Ltd.,* 894 F.2d 1136, 1140 (9th Cir. 1990).

It is settled in the Ninth Circuit that a bankruptcy court may approve retroactive rejection of executory contracts or unexpired leases. In *In re At Home Corp.,* 392 F.3d 1064, 1065 (9th Cir. 2004), the Ninth Circuit held, in approving rejection of a nonresidential property lease, that retroactive rejection is within a bankruptcy court's equitable powers "when 'necessary or appropriate to carry out the provisions of' § 365(d)." *Id.* at 1071; *see also* 10 COLLIER ON BANKRUPTCY ¶ 6006.01[3] (16th ed. rev. 2011) (noting that the "new majority view" is to allow "retroactive application of an order of rejection, back to the date that the motion was filed, based on equitable considerations.").

Here, it is inequitable for the Debtor, who has abandoned the Premises, to continue to incur administrative rent liability for the Lease, which provides no value to the estate. In addition, the Debtor has requested that the Motion be heard on shortened time; therefore, the duration for which an order approving this Motion will relate back, is limited. Under these circumstances, the Debtor respectfully submits that the equities favor the Court's granting of the relief requested in this Motion, effective as of the Petition Date.

In the process of vacating the Premises, the Debtor has removed all personal property that would have any value in continuing further operations of the Debtor. All remaining personal property at the Premises, if any, represents a burden, or is of no or inconsequential value to, the estate and should be abandoned pursuant to section 554(a) of the Bankruptcy Code.

## V.

## REJECTION CLAIM BAR DATE

In connection with the rejection of the Lease, the Debtor also requests that this Court, pursuant to Bankruptcy Rule 3002(c)(4), establish the later of (a) 30 days after entry of an order granting this Motion or (b) the deadline set by the Court for prepetition claims to be filed, as the deadline for filing a claim arising from rejection of the Lease.

**WHEREFORE**, the Debtor prays that this Court enter an order as follows:

1. Approving the rejection of the Lease;

2. Deeming the Lease to be rejected effective as of the Petition Date;

5

3. Authorizing the abandonment of any personal property of the Debtor's estate remaining at the Premises;

4. Establishing the later of (a) 30 days after entry of an order granting this Motion or (b) the deadline set by the Court for prepetition claims to be filed, as the deadline for filing a claim arising from rejection of the Lease; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 8, 2016
PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ John Lucas*
Jeffrey N. Pomerantz
Debra I. Grassgreen
John W. Lucas

Proposed Attorneys for Debtor and Debtor in Possession

# EXHIBIT A

**Proposed Order**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California  94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: jpomerantz@pszjlaw.com
         dgrassgreen@pszjlaw.com
         jlucas@pszjlaw.com

Proposed Attorneys for Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Tri-Valley Learning Corporation,[1]<br><br>Debtor. | Case No.: 16-43112-CN<br><br>Chapter 11<br><br>**ORDER AUTHORIZING (1) REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE LOCATED IN LIVERMORE, CALIFORNIA, AND (2) ABANDONMENT OF REMAINING PERSONAL PROPERTY** |

Tri-Valley Learning Corporation ("**TVLC**" or the "**Debtor**"), the above-captioned debtor and debtor in possession, having filed its *Motion to for Entry of Order Authorizing (1) Rejection of Non-Residential Real Property Lease Located in Livermore, California, and (2) Abandonment of Remaining Personal Property* (the "**Motion**"); the matter having come on for hearing on shortened notice in the above-referenced Bankruptcy Court, the Honorable Charles Novack, United States Bankruptcy Judge, presiding; the Debtor having appeared by counsel; other appearances were as noted on the record; the Court having reviewed the pleadings filed in support of the Motion; no objection to the Motion having been made; the Court finding that notice of the hearing on the Motion is appropriate in the particular circumstances; the Court being fully advised in the premises and good cause appearing therefore;

---

[1] The last four digits of the Debtor's tax identification number is (4585).  The location of the Debtor's service address is 3252 Constitution Drive, Livermore, CA 94551.

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED;

2. The Debtor is authorized to reject the Lease for the Premises, pursuant to section 365 of the Bankruptcy Code.

3. The Lease is deemed to be rejected as of the Petition Date.

4. Any claim arising from the rejection of the Lease shall be filed on the later of (a) 30 days after entry of this Order or (b) the deadline set by the Court for prepetition claims to be filed, or such claims will be forever barred; and

5. All personal property remaining at the Leased Premises is, pursuant to section 554(a) of the Bankruptcy Code, hereby abandoned by the Debtor to the Lessor of the Premises, who is hereby permitted to exercise its rights and remedies relative to such personal property pursuant to applicable non-bankruptcy law.

**\*\*END OF ORDER\*\***